United States Court of Appeals
Fifth Circuit

**F I L E D**

June 5, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-50505
Summary Calendar

**UNITED STATES OF AMERICA,**

Plaintiff-Appellee,

**versus**

**ROY RONALD HERNANDEZ, also known as Ray Ronald Hernandez,
also known as Grim,**

Defendant-Appellant.

**Appeal from the United States District Court
for the Western District of Texas
(5:03-CR-271-1)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Roy Ronald Hernandez was indicted for aiding and abetting the possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and (2). A jury found Hernandez guilty of the charged offense, and the court sentenced him, *inter alia*, to 77 months imprisonment. Hernandez challenges his conviction, asserting the district court erred in admitting certain evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

and charging the jury. We review for abuse of discretion; there was none.

Hernandez contends the court erred in admitting evidence related to his theft of beer earlier on the day the firearm was seized. The admission of evidence will be affirmed unless the district court abused its discretion and the defendant was prejudiced. *See United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996); *see also* FED. R. EVID. 103. The threshold inquiry is whether the evidence was extrinsic or intrinsic because Federal Rule of Evidence 404(b) (disallowing evidence of "other crimes, wrongs, or acts" when used to prove a defendant's character but not for "other purposes") does not apply to intrinsic evidence. *See Coleman*, 78 F.3d at 156.

The beer-theft evidence was intrinsic because it "complete[d] the story of the crime". *See id.* It provided the necessary explanation why the Officers stopped and searched the vehicle in which Hernandez was a passenger, which led to the discovery of the firearm. *See id.* Additionally, the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice under Federal Rule of Evidence 403.

Hernandez also contends the court erred by instructing on aiding and abetting and constructive and joint possession. Because Hernandez preserved these challenges in district court, review is for abuse of discretion. *See United States v. Newell*, 315 F.3d

2

510, 528 (5th Cir. 2002). There is none where the charge, as a whole, is legally accurate and factually supportable, i.e., "the court may not instruct the jury on a charge that is not supported by evidence". *United States v. Mendoza-Medina*, 346 F.3d 121, 132 (5th Cir. 2003) (citation omitted), *cert. denied*, 540 U.S. 1156 (2004).

The evidence sufficiently shows Hernandez: assisted the possession of a firearm by a convicted felon; and had constructive and joint possession of it. *See United States v. Fields*, 72 F.3d 1200, 1212 (5th Cir.), *cert. denied*, 519 U.S. 807 (1996).

Finally, Hernandez maintains the court erred in refusing part of his proposed jury instruction. The refusal of a requested instruction is reviewed for abuse of discretion. *United States v. Tomblin*, 46 F.3d 1369, 1378 (5th Cir. 1995). Such refusal "constitutes error only if the instruction (1) was substantially correct, (2) was not substantially covered in the charge delivered to the jury, and (3) concerned an important issue so that the failure to give it seriously impaired the defendant's ability to present a given defense". *Id.* at 1378-79 (citation and quotation marks omitted).

Hernandez concedes the charge is a correct statement of the law. Additionally, it substantially covered the refused instruction. *See Tomblin*, 46 F.3d at 1378. Moreover, the charge permitted Hernandez to assert his proposed defense that his

3

presence, without more, is not sufficient to establish constructive possession.

**_AFFIRMED_**